**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

FRANK J. KENNY, III,

    Plaintiff,

v.

TOMS RIVER TOWNSHIP BOARD OF ADJUSTMENT, et al.,

    Defendants.

Civil Action No. 18-11461 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon pro se Plaintiff Frank Kenny's ("Plaintiff") Motion regarding a shed located at 1821 Starboard Court in Toms River, New Jersey. (Notice of Mot., ECF No. 3, hereinafter "Shed Motion.") On July 6, 2018, Plaintiff filed a complaint against the Toms River Township Board of Adjustment and Toms River Township Code Enforcement (collectively, "Defendants"). (Compl., ECF No. 1.) On the same day, Plaintiff filed the Shed Motion. On July 25, 2018, Plaintiff filed documents purporting to be Certificates of Summons. (*See* Summons in Civil Case, ECF No. 4, hereinafter "Service Documents.") Upon review of the Shed Motion, Plaintiff's Complaint, and the documents filed at ECF No. 4, the Court denies the motion.

**I.    Discussion**

    The Court has a duty to be mindful of a litigant's pro se status when examining pleadings filed by a pro se litigant. *See Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 678 (3d Cir. 2009). The Shed Motion, in effect, requests the Court to provide injunctive relief in the form

of an order requiring Defendants to allow a shed on Plaintiff's property to remain on the property until an inspection occurs. The Court, accordingly, construes the Shed Motion as a motion for a Temporary Restraining Order ("TRO").[1] *See McKinney v. Prosecutor's Office*, No. 13-2553, 2015 WL 1954460, at *9 (D.N.J. Apr. 29, 2015). Federal Rule of Civil Procedure 65 limits the Court's ability to issue a TRO to instances when (i) the "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the" party seeking the TRO and (ii) the party seeking the TRO "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff's pleadings fail to make the specific factual showing required to establish immediate and irreparable injury, loss, or damage. Plaintiff's motion consists of a Notice of Motion that reads "Shed at 1821 Starboard Court stays till onsite Inspection – United States Federal Fish & Wildlife and N.J. Dept of Environmental Protection," a Certification of Service, and a copy of a check payable to this Court. (Shed Motion at 1-2.) The Notice of Motion is followed by sixty pages of documents[2] that do not identify the injury, damage, or loss that Plaintiff alleges he will suffer if the Court does not issue the TRO. (*See* Shed Motion 3-64.) The Complaint also fails to provide any insight into the alleged injury Plaintiff seeks relief from because in Section IV of the

---

[1] The Court construes the Shed Motion as a TRO, instead of a motion for a preliminary injunction, because the docket does not establish that Plaintiff has served Defendants with a copy of the Shed Motion. In any event, the Supreme Court has "held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). The grant of injunctive relief is "an extraordinary remedy[,]" and a TRO "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008).

[2] These pages include handwritten notes; correspondence between Plaintiff, Defendants, and other non-parties; a judicial opinion from the Superior Court of New Jersey, Law Division: Ocean County; and other documents. (Shed Motion at 3-64.)

form Complaint, which asks about injuries related to events alleged in the Complaint, Plaintiff's response is "None." (Compl., ECF. No. 1 at 4.) In the absence of Plaintiff sufficiently alleging an injury, the Court cannot conduct the additional analysis required by Third Circuit precedent.

Plaintiff provides no documents to certify his efforts to give notice to Defendants of the Shed Motion or why such notice should not be required. Plaintiff may have attempted to serve the Shed Motion with the Complaint and Summons; however, this attempt at service appears to be defective. (*See* Service Documents at 2-3, 5-8.) The burden is on the Plaintiff to properly serve Defendants and file proof of service with the Court. Fed. R. Civ. P. 4(l)(1) (proof of service must be made to the Court and "proof must be by the server's affidavit.") The Returns of Service and Certifications of Service appear to lack the signature of the process server, Dennis F. Galante, identified in the documents. (Service Documents at 2-3, 5-6.) In the absence of signatures by (1) an individual other than Plaintiff and (2) the individual who purportedly accepted service on behalf of Defendants, there is no service of process. *See Dougherty v. Dupes*, No. 1:17-CV-01541-JFC, 2018 WL 1696651, at *8 (M.D. Pa. 2018) (noting that pursuant to Fed. R. Civ. P. 4(c)(2) a party to the lawsuit "cannot be the one to deliver, hand or send the summons and complaint even if such service would be proper by mail, certified or otherwise.").

Plaintiff filed copies of receipts for U.S. Postal Service Certified Mail ostensibly as proof of service on Defendants. (Service Documents at 7-8.) Under the current circumstances, service by certified or registered mail is insufficient process. *See* Fed. R. Civ. P. 4(j)(2), N.J. Ct. R. 4:4-4(a)(8) (referencing N.J. Ct. R. 4:4-4(a)(1)) (requiring that service upon a public body be completed by "delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the [public body's] behalf."), *see also* N.J. Ct. R. 4:4-3 (requiring service be completed by a "competent adult not having a direct interest in the litigation."). If Defendants are

not properly served within 90 days of the Complaint being filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

## II. Order

For the reasons set forth above, **IT IS** on this 17th day of September 2018, **ORDERED** that Plaintiff's Motion (ECF No. 3) is **DENIED**.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**